UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

LOUIS C. RICHARDSON,

        Petitioner,

    v.                                                  Case No. 04-CV-521

JUDY SMITH,

        Respondent.

_____

**ORDER**

Petitioner Louis Richardson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 23, 2001, conviction of possession with intent to deliver more than 100 grams of cocaine. Richardson pled guilty and was sentenced to 11 years of confinement and 11 years of extended supervision. Richardson is currently confined at Oshkosh Correctional Institution. For the following reasons, the court will deny Richardson's petition.

The Wisconsin Court of Appeals set forth the pertinent facts in its decision dated December 16, 2003.

> Richardson was driving his car shortly after midnight when he was stopped by the police because they suspected he was driving while intoxicated. One of the police officers who stopped him observed an open beer can in the front seat of the car. Richardson was then given, and passed, a field sobriety test. An officer then asked Richardson if he could search the interior of the car, and Richardson consented. The police apparently held Richardson's driver's license while searching the car. After searching the interior, an officer asked Richardson if they could search the trunk of his car. Richardson said that would be fine. When searching the trunk, the police found a white substance that later turned out to be cocaine.

*State v. Richardson*, Case No. 03-0731-CR (Wis. Ct. App. Dec. 16, 2003). The Wisconsin Court of Appeals went on to affirm the Milwaukee County Circuit Court's judgment of conviction and the circuit court's conclusion that Richardson had not received ineffective assistance of counsel. The Supreme Court of Wisconsin denied Richardson's petition for review.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under § 2254(d), if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented. *Id.* A state court decision must be more than incorrect from the point of view of the federal court; AEDPA requires that it be "unreasonable," which means something like lying well outside the boundaries of permissible differences of opinion. *Williams v. Taylor*, 529 U.S. 362, 410-12 (2000). Findings of fact made by the state courts are presumed correct and are rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000).

Richardson raises two claims in his federal habeas petition. First, he claims his trial counsel was ineffective within the meaning of the Sixth Amendment for not filing a motion to suppress the evidence used against him. Second, he claims that his conviction was obtained through the use of evidence gained pursuant to an

unconstitutional search in violation of the Fourth Amendment. The Wisconsin Court of Appeals addressed these claims in its December 16, 2003, decision.

The Wisconsin Court of Appeals first addressed Richardson's claim of ineffective assistance of counsel. Richardson argued to the circuit court and on direct appeal that the once he passed the field sobriety test, the police had no reason to search the trunk of his car. He asserts, therefore, that the evidence used against him was gained pursuant to an unconstitutional search and that his trial counsel should have moved to suppress the evidence.

In ineffective assistance of counsel claims, the habeas petitioner must show that his or her attorney's performance was deficient and that the attorney's errors caused the petitioner prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In addressing Richardson's claim of ineffective assistance of counsel, the Wisconsin Court of Appeals correctly identified and articulated the standards set forth in *Strickland*. Although the court need only to conclude that Richardson failed to prove one prong of the *Strickland* test, the Wisconsin Court of Appeals concluded that Richardson's claim of ineffective assistance of trial counsel failed both prong's of the *Strickland* test. Specifically, the court held that (1) Richardson's trial counsel's representation was not deficient but rather involved a considered trial strategy, rationally based on the law, and (2) that Richardson was not prejudiced by his trial counsel's actions because even if Richardson's counsel had filed a motion to suppress, the motion would have been denied.

First, the Wisconsin Court of Appeals reasonably applied *Strickland* when it determined that Richardson's trial counsel's performance was not deficient. Richardson's counsel testified at a *Machner*[1] hearing that he did not file the motion to suppress for two reasons. (Resp. to Pet. Ex. J.) First, he thought that the motion would not be successful because he thought that the jury would believe the police officer's testimony that Richardson consented to the search. (*Id.* at 28.) Second, if it came out at trial that Richardson testified at a suppression hearing that he did not consent to the search, that testimony might appear to the jury as inconsistent with the overall defense strategy that Richardson did not know about the drugs in the trunk. (*Id.* at 16, 19, 68-69.) In light of those reasons, the Wisconsin Court of Appeals affirmed the Milwaukee County Circuit Court's holding that Richardson's trial counsel's performance was not deficient, and concluded that Richardson's trial counsel's performance involved a considered trial strategy, rationally based on the law and facts.

This court concludes that the Wisconsin Court of Appeals's determination that Richardson's trial counsel's performance was not deficient is not contrary to or an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court, and that the Wisconsin Court of Appeals' determination of the facts was reasonable in light of the evidence presented. The Wisconsin Court of Appeals properly applied the correct legal standard set forth in *Strickland*. Furthermore, this court agrees with the Wisconsin Court of Appeals' conclusion that

---

[1] During a *Machner* hearing, trial counsel testifies and the court determines whether trial counsel's actions were ineffective. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Wis. Ct. App. 1979).

Richardson's trial counsel's performance could not be deemed unreasonable, especially since Richardson's testimony at a suppression hearing might have compromised his overall defense strategy that he did not know about the drugs.

Next, the Wisconsin Court of Appeals addressed the second prong of *Strickland* when it determined that Richardson failed to show he was prejudiced by his trial counsel's actions. Assuming for the sake of argument that Richardson's trial counsel's performance was deficient, to prove prejudice, Richardson had to demonstrate there was a reasonable probability that, but for his trial counsel's errors, the result of his trial would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

In determining that Richardson was not prejudiced by his trial counsel's actions, the Wisconsin Court of Appeals concluded that a motion to suppress would have been denied under the controlling law at the time of Richardson's arrest, *State v. Gaulrapp*, 207 Wis. 2d 600, 558 N.W.2d 696 (Wis. Ct. App. 1996) (holding that the police did not illegally expand the scope of a traffic stop and that the subsequent search was valid when the stop was valid, of permissible length and scope, the request to search was made within a short time after the stop, and the defendant had freely and voluntarily consented to the search.) In Richardson's case, the Wisconsin Court of Appeals reasonably concluded that Richardson's initial stop was valid (the police suspected that he was driving while intoxicated) and that no evidence suggests that Richardson's consent to search the trunk was anything but

voluntarily. Thus, the Wisconsin Court of Appeals reasonably concluded that Richardson's motion to suppress would have been denied under *Gaulrapp*.

In light of the evidence presented in state court, this court concludes that the Wisconsin Court of Appeals reasonably determined that the traffic stop and subsequent search were valid under the circumstances. Although Richardson asserts that he was illegally seized, and as a result the search was invalid (Pet'r Br. in Supp. of Writ 7.), the traffic stop was justified because the police had probable cause to believe that a traffic violation had occurred. *See Whren v. United States*, 517 U.S. 806, 810 (1996). Specifically, the police suspected Richardson was driving while intoxicated. (Resp. to Pet. Ex. H, 9.)

Richardson asserts that the stop was improperly extended because the police officer held onto his driver's license and told Richardson to stand with the other police officers when the officer asked Richardson if he could search the trunk of his car. Thus, Richardson contends, his consent to the search was not voluntary. However, police officers are not required to inform detainees that they are free to go before a consent to search may be deemed voluntary. *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996) (holding that while knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent). Rather, voluntariness is a question of fact to be determined by the totality of the circumstances. *Id.* at 40.

The *Gaulrapp* court relied on *Ohio v. Robinette* when it concluded that the defendant voluntarily consented to a search of his person after a valid traffic stop.

*Gaulrapp*, 207 Wis. 2d at 606-08, 558 N.W.2d at 699-700. Thus, the Wisconsin Court of Appeals' decision in Richardson's case, which relied on *Gaulrapp* and addressed substantially similar factual circumstances, is not an unreasonable application of federal law. The court reasonably determined that the circumstances surrounding Richardson having told the police officer to go ahead and search the car were sufficient for there to be valid consent. Specifically, the initial stop was valid, the request to search was made a short time after the stop, and Richardson told the officer to go ahead and search the car. (Resp. to Pet. Ex. J, 74-75.) Therefore, the Wisconsin Court of Appeals reasonably concluded that given that Richardson would not have succeeded on a motion to suppress, Richardson was not prejudiced by his trial counsel's decision to not file a motion to suppress. As a result, Richardson does not show that the Wisconsin Court of Appeals unreasonably applied the standards set forth in *Strickland*, or that the court's determination of the facts was unreasonable in light of the evidence presented.

Finally, Richardson asserts in his § 2254 habeas petition that the search of his vehicle violated the Fourth Amendment's prohibition against unreasonable searches and seizures. However, Fourth Amendment violation claims are not cognizable in § 2254 habeas petitions. In *Stone v. Powell*, 428 U.S. 465 (1976) the U.S. Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Id.* at 494. *See also Hampton v. Wyant*, 296 F.3d

-7-
Case 2:04-cv-00521-JPS   Filed 06/16/06   Page 7 of 10   Document 25

560, 562-65 (7th Cir. 2002). This is because "a person imprisoned following a trial that relies, in part, on unlawfully seized evidence is not 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Hampton*, 296 F.3d at 562 (quoting 28 U.S.C. § 2254(a)). The Seventh Circuit in *Hampton* noted that the "*seizure* may have violated the Constitution, but the *custody* does not, because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants." *Id.* at 562-63 (emphasis in original).

An accused receives a full and fair opportunity to litigate if (1) he or she has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his or her Fourth Amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts. *Hampton*, 296 F.3d at 563 (*citing Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992). An opportunity for full and fair litigation of a Fourth Amendment claim guarantees the right to present one's case, but it does not guarantee a correct result. *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003).

Here, Richardson was provided an opportunity for full and fair litigation of his Fourth Amendment claim. In his post-conviction hearing and in his briefs in support of his direct appeal, Richardson informed the Wisconsin Court of Appeals of the factual basis of his Fourth Amendment claim and argued that those facts constitute a violation of his Fourth Amendment rights which his trial counsel failed to protect in a motion to suppress. (Resp. to Pet. Exs. B, 7-12; D, 1-7.) Additionally, in

concluding that Richardson's trial counsel's performance was not deficient because the motion to suppress would have failed, the Wisconsin Court of Appeals carefully and thoroughly analyzed the facts of Richardson's Fourth Amendment claim and applied the proper constitutional law to the facts. *See State v. Richardson*, Case No. 03-0731-CR, 4-6. Thus, because Richardson received the opportunity to fully and fairly litigate his Fourth Amendment claim, *Stone v. Powell* precludes this court from considering his Fourth Amendment claim. *See Stone*, 428 U.S. at 494.

In conclusion, Richardson fails to demonstrate that the Wisconsin Court of Appeals' decision in his case was contrary to, or constituted an unreasonable application of any clearly established U.S. Supreme Court precedent within the meaning of § 2254(d)(1), or that the decision resulted in an unreasonable determination of the facts in light of the evidence presented within the meaning of § 2254(d)(2). Thus, under 28 U.S.C. § 2254(d), the court is obliged to deny Richardson's petition for a writ of habeas corpus.

Accordingly,

**IT IS ORDERED** that Richardson's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this  16th  day of June, 2006.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge